■ RICHARD MINK, an Infant by WALTER C. MINK, JR., His Father and Natural Guardian, et al., Appellants, v. LAGO OIL & TRANSPORT CO., LTD., Respondent, et al., Defendant.— In an action by an infant to recover damages for personal injury, and by his father for loss of services and medical expenses, plaintiffs appeal from an order of the Supreme Court, Queens County, entered November 17, 1965, which dismissed and severed the complaint as to defendant Lago Oil & Transport Co., Ltd., for lack of jurisdiction of its person. Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J. dissents and votes to reverse the order and to deny the motion, with the following memorandum: This action stems from allegedly improper medical care in an Aruba hospital owned by defendant Lago Oil & Transport Co. Ltd. Lago is a Canadian corporation, with its principal office in Aruba. It is a wholly-owned subsidiary of defendant Standard Oil Company (a New Jersey company doing business in New York) and is one of an integrated web of corporations owned and controlled by Standard. In Aruba, it refines oil received by it from a Venezuelan subsidiary of Standard. Lago has no sales force. Orders for the purchase of its oil formerly were "booked" in New York City by Esso Export Corp., and now by Esso International, Inc.,— both of them part of the Standard network. Esso Export Corp., and later Esso International, Inc., issued shipping instructions for those orders. The oil was shipped in tankers of Esso Tankers, Inc., another member of the Standard family of corporations. Lago's sales policy and prices are determined by Standard. Lago apparently has a bookkeeping arrangement with Standard whereby its banking needs in New York are handled through a Standard account. After some years of medical treatment in Aruba, supplied and paid for by Lago, the infant plaintiff moved to New York where he continued to receive treatment, at Lago's expense, by doctors selected by and in consultation wtih Standard's medical staff. On these facts it seems clear to me that the court has personal jurisdiction of Lago for various reasons. *First*: We are not required to pierce the veil of Lago's corporate identity in order to hold that, for all purposes other than corporate convenience, Lago and Standard are one and that the presence of Standard here is the presence in fact of Lago. *Second*: Even under the pre-CPLR standards, Lago is "doing business" here, through Standard and Esso as agents. *Third*: Under the liberalized standard enunciated by CPLR 302, Lago clearly is "transact[ing] * * * business within the state" and consequently is present here sufficiently to give the court personal jurisdiction over it. *Fourth*: On this record and in the present posture of this case, we cannot say that the treatment of the infant plaintiff in New York did not constitute a tort in this State, either per se or as part of a continuing wrong commencing with the initial tort in Aruba. That issue should

be left to a full development of the facts at trial. For the foregoing reasons, I believe Lago's pretrial motion to dismiss the complaint for lack of personal jurisdiction over it should have been denied.